UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. ACTION NO. 11-00245-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MICHAEL KARL DAVIS | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is Defendant Michael Karl Davis' ("Davis") "Motion for Relief from Prejudicial Joinder" ("Motion to Sever") [Doc. No. 50]. The Government has filed a Response [Doc. No. 57].

For the following reasons, Davis' Motion to Sever is DENIED.

## ALLEGED FACTS

Davis was initially charged on September 28, 2011, with nine counts of fraud and related activity in connection with computers, eight counts of identity theft, and one count of obstruction. After he filed a speedy trial waiver, on January 31, 2012, the Magistrate Judge set trial for July 17, 2012.

However, on February 22, 2012, the Government filed a twenty-one-count Superceding Indictment charging Davis and his Co-Defendant Royce Edward Toney ("Toney") with one count of conspiracy (Count 1), nine counts of fraud and related activity in connection with computers (Counts 2-10), eight counts of identity theft (Counts 11-19), and one count of obstruction of an investigation (Count 20). In addition, Toney, but not Davis, is charged with one count of obstruction by retaliating against a victim.

During the relevant time period of the Superceding Indictment, Toney was the elected Sheriff of Ouachita Parish, and Davis was employed at the Ouachita Parish Sheriff's Office ("OPSO"). The Government contends the evidence will show that Davis and Toney illegally intruded into the personal email account of former OPSO employee, Kim Leija. The Government further contends that Davis confessed his illegal activity to his supervisor at the time, Colonel Marc Mashaw ("Mashaw"). Mashaw will provided testimony related to Counts 1-20. According to the Government, Toney learned of Mashaw's cooperation with the FBI, and, as a result, committed the alleged retaliation charged in Count 21.

## LAW AND ANALYSIS

### A. Motion to Sever

Although Davis concedes that Defendants were properly joined for trial under Federal Rule of Criminal Procedure 8(b), he moves to sever his trial from that of Toney on the basis of prejudice pursuant to Federal Rule of Criminal Procedure 14(a). He contends that the Court should grant a severance because (1) evidence of Toney's alleged obstruction by retaliation "would be highly, and unfairly, prejudicial to Mr. Davis even though he is not charged, and cannot be convicted," of Count 21; (2) the parties will likely have conflicting positions on trial scheduling since Davis was charged earlier than Toney and would like to go forward with his July 17, 2012 trial date while Toney is likely to need additional time to prepare; (3) the Government may well "abandon its criminal action [against Davis]" to focus on Toney if the trials are severed; and (4) Toney's "extremely high profile" will result in strong feelings among jurors that "could, and likely would, have an unfairly negative impact" on Davis. [Doc. No. 50-1, pp. 2-4].

The Government responds, first, that severance is not necessary based on the additional count charged against Toney. The Government contends that the evidence related to Counts 1 through 20 provides the motivation for the act charged against Toney in Count 21. The Government further contends that the evidence related solely to Toney's act of retaliation is not so complicated that the jury would be unable to keep it separate from the other evidence. Second, the Government argues that there is "no delay of constitutional dimension as the crimes" charged against Davis continued until October of 2010, and there is no Speedy Trial problem as long as Davis and Toney are Co-Defendants. [Doc. No. 57, p. 6]. Third, the Government assures the Court that it intends to prosecute Davis and Toney, regardless whether the trials are severed. Finally, the Government argues that Toney's notoriety does not constitute grounds for a severance. Given the breadth of the Monroe Division, the Government points out that potential jurors outside Ouachita Parish "rarely exhibit any bias (or even knowledge) . . . regarding well publicized defendants." [Doc. No. 57, p. 7].

The Fifth Circuit has consistently held that when persons are indicted together, they should be tried together. *United States v. McKinney,* 53 F.3d 664 (5th Cir. 1995); *United States v. Wilwright,* 56 F.3d 586 (5th Cir. 1995). This is especially true when a conspiracy is charged. *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994). Joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" *Zafiro v. United States*, 506 U.S. 534, 537 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 210 (1987)).

Rule 14 of the Federal Rules of Criminal Procedure provides that a court may grant a severance of defendants when it appears that a defendant will be prejudiced by a joint trial. FED.

3

R. CRIM. P. 14. To justify severance of co-defendants, the movant must show that he would suffer specific and compelling prejudice against which the court is unable to provide protection, such as through a limiting instruction, and that this prejudice would result in an unfair trial. *United States v. Kaufman*, 858 F.2d 994, 1003 (5th Cir. 1988) (citing *United States v. Toro*, 840 F.2d 1221, 1238 (5th Cir. 1988)); *see also United States v. Lewis*, 476 F.3d 369, 383 (5th Cir. 2007) (citing *United States v. Sudeen*, 434 F.3d 384, 387 (5th Cir. 2005)). The United States Court of Appeals for the Fifth Circuit has "held that a quantitative disparity in the evidence is clearly insufficient in itself to justify severance . . . . [and] . . . that the mere presence of spillover effect does not ordinarily warrant severance." *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993) (internal citations and quotations omitted). "[E]ven where defendants have markedly different degrees of culpability, severance is not always required if less drastic measures, such as limiting instructions will suffice to cure the prejudice." *Burton v. United States*, 237 F.3d 490, (5th 2000) (citing *United States v. Broussard*, 80 F.3d 1025, 1037 (5th Cir.1996)). "A district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro,* 506 U.S. at 539.

The Court finds no compelling reason for severance in this case. Davis and Toney are charged with conspiracy in one count and with the same conduct in nineteen counts. While Davis is not charged with retaliating against Mashaw, his former supervisor, the Court believes that the jury, with proper instruction, can separate and consider this evidence against Toney alone.

Additionally, as of this date, Toney has not moved to continue the July 17, 2012 trial.

4

Even if Toney does move for a continuance, as the Government points out, a short delay of trial does not implicate constitutional or Speedy Trial Act concerns at this point. The Court, as always, is cognizant of both the public's and each Defendant's interest in a speedy trial, but must carefully balance those interests against the need for fair, efficient, and economical administration of justice. *See* 18 U.S.C. § 3161(h)(7).

As an officer of the Court, counsel for the Government asserts that the Government intends to pursue the charges against both Davis and Toney, regardless whether there is one trial or two, so severance will not lessen the burden on the justice system.

Finally, the Court is aware of the publicity surrounding Toney. This is not the first well-publicized case to be held in the Monroe Division, and as with other cases, the Court can address concerns of possible bias with the appropriate oral and written *voir dire* questions and with instructions to the jury. The mere fact that Toney is a public figure, while Davis is not, does not constitute the type of specific and compelling prejudice necessitating severance.

## **CONCLUSION**

For the foregoing reasons, Davis' Motion to Sever [Doc. No. 50] is DENIED.

MONROE, LOUISIANA, this 5th day of April, 2012.

*/s/ Robert G. James*

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE